UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERTSON FIRE PROTECTION DISTRICT, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:24CV26 JAR |
| DONALD D. MINER, | ) ) ) ) |
| Defendant. | ) |

## PLAINTIFF ROBERTSON FIRE PROTECTION DISTRICT'S OMNIBUS MOTION IN LIMINE

Pursuant to the Court's April 15, 2024 Case Management Order (Doc. 15), Plaintiff Robertson Fire Protection District (hereinafter, "District"), moves in limine for an order precluding comments, evidence, references to evidence, testimony, or argument relating to the following matters:

**MIL No. 1:** *Evidence or argument related to discovery conducted in separate lawsuits.*

Defendant has identified as Exhibits he may use at trial multiple depositions taken in a separate lawsuit that pends in St. Louis County Circuit Court, *Robertson Fire Protection District v. Howell*, Case # 23SL-CC03842. See Defendant's proposed exhibits (Doc. 41) Q, R, S, S-1, T, T-1, U, U-1, V, V-1, W; Defendant's Deposition Designations (Doc. 40). Defendant Miner has never been a party to the *Howell* lawsuit, nor does *Howell* involve the same subject matter as this case. Thus, these *Howell* depositions may not be admitted into evidence at the trial in this case. F.R. Civ. P. 32(a)(8). Nor have any of the deponents from the *Howell* depositions been designated by Defendant Miner as unavailable for trial in this case. FRE 804(b)(1). See

generally, *Marshall v. City of Helena-West Helena,* 2024 WL 2873254, * (E.D. AR June 6, 2024).

**MIL. No. 2.** *Evidence As To Supposed Unwritten Practices or Policies Of The District Bearing On The Compensation Of Defendant Miner Pursuant His Employment Agreement*

This is an action by a political subdivision "to recoup public money [the District] claims was unlawfully paid to Miner". March 11, 2025 Memorandum And Order, p. 2 (Doc. 39). Whether the compensation given to Defendant Miner pursuant to his employment agreement was lawful is not determined by reference to the District's past practice or unwritten policies, but instead is to be determined by applying pertinent enactments. *Felker v. Carpenter*, 340 S.W.2d 696, 701 (Mo. 1960) ("It is well-settled law that a right to compensation for the discharge of official duties is purely a creature of statute, and that the statute which is claimed to confer such right must be strictly construed.") This legal standard is a corollary to the general principle that government officials shall not receive extra compensation for their services that have been rendered. Mo. Const. Art. III, § 39(3).

Further, the District's officials owe fiduciary duties to the District taxpayers with respect to their handling, and expenditure of the District's public funds. *Fulton v. City of Lockwood,* 269 S.W. 2d 1, 7-8 (Mo. 1954).

Therefore, the Court should preclude comments, evidence, references to evidence, testimony, or argument relating to District's unwritten past practices or policies with regard to Defendant's compensation.

**MIL No. 3.** *Evidence regarding the parties' relative size, status, or ability to pay a judgment.*

Evidence should be excluded where any probative value is "outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury." *U.S. v. Condon*, 720 F.3d 748, 755 (8th Cir. 2013). This Court and others have routinely excluded reference to a party's relative size or economic status due to irrelevant and prejudicial nature. See, e.g., *CC* v. *Suzuki Mfg. of Am. Corp.*, 4:15-CV-01271, 2018 WL 4504687, at *4 (E.D. Mo. Sep. 20 2018); *Howerton v. Blitz USA, Inc.*, Case No. 05-1075-CV-W-FJG, 2008 WL 11338463, *8 (W.D. Mo. Jan. 4, 2008) (granting Wal-Mart's motion in limine as to its financial condition, financial history, size or corporate structure); see also *Gomez v. Tyson Foods, Inc.*, No. 8:08-cv-21, 2013 WL 991494, at *4 (D. Neb. March 13, 2013) (granting motion in limine regarding any reference to defendant's financial condition and the comparative or absolute economic status of the parties); *Alexander v. Wal-Mart Stores*, Inc., No. 2:11-cv-752, 2013 WL 427132, at *2 (D. Nev. Feb. 1, 2013) (granting motion in limine to preclude plaintiff from commenting on defendant's financial status); *Hinshaw v. Ligon Indus., L.L.C.*, No. C07-3029-MWB, 2008 WL 2266305, at *4 (N.D. Iowa June 2, 2008) (granting motion in limine to preclude Plaintiff from inquiring into Defendants' financial status).

**MIL No. 4:** *Evidence or argument regarding a party's failure to call an equally available witness*

Defendant should not be permitted to make any comment regarding or mentioning that Plaintiffs did not call to testify any witnesses that are equally available to all parties. See *Campbell by Campbell v. Coleman Co.*, 786 F.2d 892, 897 (8th Cir. 1986); *Johnson v. Richardson*, 701 F.2d 753, 757 (8th Cir. 1983).

## CONCLUSION

For the above reasons, the District requests that this Court grant this Omnibus Motion in Limine and exclude the above-referenced evidence and argument at trial.

**KISTNER, HAMILTON, ELAM & MARTIN, LLC**

/s/ *Elkin L. Kistner*
Elkin L. Kistner,    Bar No. 035287MO
Sean M. Elam,    Bar No. 056112MO
1406 North Broadway
St. Louis, MO 63102
314.783.9798 (voice)
314.944.0950 (fax)
elkinkis@law-fort.com
smelam@law-fort.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 31st day of March, 2025 via the Court's electronic filing system to all counsel of record.

/s/ Elkin L. Kistner